JUDGE DAVID BRIONES

FILED

2022 NOV -4 PM 2:23

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY [illegible]
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| **BRANDON CALLIER,** | § |
| **Plaintiff,** | § |
| **v.** | § |
| **ERUS BUILDERS, LLC,** d/b/a **ERUS ENERGY** an Arizona limited liability company | § **EP22CV0411** |
| **Defendants.** | § |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, BRANDON CALLIER, brings this action against Defendants ERUS BUILDERS, LLC and alleges based on personal knowledge and information, and belief, as follows:

## PRELIMINARY STATEMENT:

**1.** As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. . . . For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Pol. Consultants LLC*, 140 S. Ct. 2335, 2343 (2020).

**2.** Plaintiff Brandon Callier ("Plaintiff") brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, alleging that Defendant ERUS BUILDERS, LLC sent a series of telemarketing calls for the purposes of commercial solicitation by contacting

Plaintiff's cellular telephone number listed on the National Do-Not-Call Registry, which is prohibited by the TCPA.

**3.** Plaintiff never consented to receive any of these phone calls, which were placed to him for telemarketing purposes.

**PARTIES:**

**4.** Plaintiff is BRANDON CALLIER ("Plaintiff"), a natural person, who resides in El Paso, Texas, and is a citizen of the State of Texas, and was the individual who received the alleged phone calls in this case on his private mobile telephone, and was a resident of Texas during the calls, in this case in El Paso County, Texas.

**5.** Defendant ERUS BUILDERS LLC d/b/a ERUS ENERGY, LLC ("Erus") is a limited liability company organized and existing under the laws of Arizona and can be served via registered agent Juan Cortinas, at 506 Emerald Dunes Place, Horizon City, Texas 79928. Defendant markets and sells, inter alia, solar panels to consumers in Texas and engages in telemarketing into this district, as it did with Plaintiff.

**JURISDICTION AND VENUE**

**6.** **Jurisdiction**. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Ser's., LLC*, 565 U.S. 368, 372 (2012).

**7.** **Personal Jurisdiction**. This Court has personal jurisdiction over the defendant because they have repeatedly placed calls to Texas residents and derive revenue from Texas residents and they sell goods and services to Texas residents, including the Plaintiff.

**8.** **Venue.** Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims the calls and sale of goods and services

directed at Texas residents, including the Plaintiff occurred in this District and because the Plaintiff was residing in the Western District of Texas when he received a substantial if not every single call from the Defendants that are the subject matter of this lawsuit.

**Statutory Background**

**The Telephone Consumer Protection Act**

**9.** In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing ... can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The TCPA Prohibits Automated Telemarketing Calls

**10.** The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service ... or any service for which the called party is charged for the call." See 47 U.S.C. § 227(b)(l)(A)(iii).

**11.** The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(l)(A). See 47 U.S.C. § 227(b)(3).

**12.** According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

**13.** The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

**14.** In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]" In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

The National Do-Not-Call Registry

**15.** The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." Id.

**16.** The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

**17.** The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

## FACTUAL ALLEGATIONS

**18.** Defendants sell solar panels to consumers in the Western District of Texas.

**19.** Defendants routinely violate the TCPA as a part of their business model and knowingly and willfully commit TCPA violations.

**20.** At all times relevant hereto, Plaintiff maintained and used a residential cellular telephone line, with a phone number ending in 4374.

**21.** At all times material hereto, Plaintiff was the subscriber of the telephone number ending in 4374 and paid his cell phone bill through Boost Mobile.

**22.** Plaintiff's phone number is his personal cell phone number and is not used as a business telephone number.

**23.** Plaintiff's personal cellular telephone number ending in 4374 has been registered on the National Do-Not-Call Registry since January 2021.

**24.** Plaintiff registered his phone number on the Do Not Call list to obtain solitude from invasive and harassing telemarketing calls. The telemarketing calls prevented Plaintiff from using his phone for legitimate purposes.

**25.** Plaintiff received seven (7) phone calls to his personal cell phone ending in 4374, including a text message from Defendants soliciting solar panels. The text message and phone calls were not related to an emergency purpose and were sent without Plaintiff's express written consent.

**26.** **Calls 1, 5, & 7:** Calls 1, 5, and 7 were all short-duration phone calls that lasted less than 30 seconds each and showed +14806801118 on Plaintiff's caller identification.

**27.** **Calls 2, 4, & 6:** Calls 2, 4, and 6 were phone calls that did not go through and/or Plaintiff declined that showed +14806801118 on Plaintiff's caller identification.

**28.** On January 20, 2022, Plaintiff received a text message from phone number (480) 680-1118 to his cell phone ending in 4374 reading, "This is Athena with Erus Energy," wanting to set up an appointment and soliciting solar panel systems to Plaintiff on behalf of Defendant Erus.

**29.** On October 31, 2022, Plaintiff placed a call to phone number (480) 680-1118 in order to identify who owned this telephone number. A female answered the phone and stated, "Hi, this is Megan with Erus Energy," which confirmed Defendant Erus uses this telephone number to solicit their solar panel systems.

**30.** Table A below displays the calls and text messages made to Plaintiff by Defendants.

TABLE A:

| Call: | Date: | Caller ID: | Time: | Outcome: |
|---|---|---|---|---|
| 1 | 01/20/2022 | 480-680-1118 | 2:22 PM | 30 sec phone call |
| 2 | 01/20/2022 | 480-680-1118 | 4:33 PM | Declined call |
| 3 | 01/20/2022 | 480-680-1118 | 4:34 PM | Text message |
| 4 | 01/21/2022 | 480-680-1118 | 8:03 AM | Missed call |
| 5 | 01/22/2022 | 480-680-1118 | 8:53 AM | 24 sec phone call |
| 6 | 01/22/2022 | 480-680-1118 | 9:46 AM | Missed call |
| 7 | 01/24/2022 | 480-680-1118 | 8:40 AM | 1 sec phone call |

**31.** Plaintiff has never had an established business relationship with Defendant or has never requested information from Defendant.

**32.** Defendant did not have Plaintiff's prior express written consent to make any of these telemarketing calls or sent text messages.

**33.** Prior to these unsolicited telephone communications, Plaintiff has never done any business with Defendants, and Plaintiff never provided Defendants with his cellular telephone number.

**34.** To the extent, Defendants contend that they obtained consent or agreement from Plaintiff for the calls at issue here, the Telemarketing Sales Rule, 16 C.F.R. § 310.5(a)(5), requires that

such records be maintained. In any event, consent is an affirmative defense under the TCPA, this defense is unavailable unless Defendants can show that they had prior express consent in writing, and that they have otherwise complied with all of the requirements of 47 C.F.R. § 64.1200(c)(2), including maintaining written procedures on national do-not-call rules, training personnel on national do-not-call rules, maintaining an internal do-not-call list, and accessing the national do-not-call database no more than 31 days prior to making any calls, and maintaining records documenting such access. Defendants did not have prior express written consent to such calls from Plaintiff.

**35.** Plaintiff pays for each incoming and outgoing call on his telephone under an unlimited calling arrangement, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

**36.** Plaintiff received the calls on his private mobile telephone, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii). Plaintiff's telephone number is registered with Boost mobile as a cellular telephone number and is used for personal purposes.

**37.** These telephone solicitations constituted "calls" under the TCPA that were not for emergency purposes.

**38.** Defendants are not an organization exempt under the TCPA.

**39.** Defendant's calls to Plaintiff were "telephone solicitations" as defined by the TCPA.

**40.** Defendant's calls to Plaintiff were "unsolicited advertisements" as defined by the TCPA.

**41.** In summary, Plaintiff received seven (7) telemarketing calls from Defendants to Plaintiff's personal cell phone number which is registered on the National Do-Not-Call list.

**INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES**

**AS A RESULT OF THE CALLS**

**42.** Defendants' calls harmed Plaintiff by causing the very harm that Congress sought to

prevent—a "nuisance and invasion of privacy."

**43.** Defendant's calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

**44.** Defendant's calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone line.

**45.** Defendant's calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

**46.** Plaintiff has been harmed, injured, and damaged by the calls including, but not limited to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of his cell phone.

**Plaintiff's Cell Phone is a Residential Number**

**47.** The calls were to Plaintiff's cellular phone ending in 4374 which is Plaintiff's personal cell phone that he uses for personal, family, and household use. Plaintiff maintains no landline phones at his residence and has not done so for at least 15 years and primarily relies on cellular phones to communicate with friends and family. Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. Plaintiff further has his cell phone registered in his personal name, pays for the cell phone from his personal accounts, and the phone is not primarily used for any business purpose.

## CAUSES OF ACTION

### I. FIRST CLAIM FOR RELIEF

**(Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. 227(c), and 47 C.F.R. § 64.1200(c))**

**48.** Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

Defendant violated Texas law by placing calls with a pre-recorded message to a cell phone which violate 47 U.S.C. § 227(c)(5) and 47 U.S.C. § 227(d) and 47 U.S.C. § 227(d)(3) and 47 U.S.C. § 227(e).

**50.** The calls by the Defendants violated Texas law by spoofing the caller ID's per 47 U.S.C. § 227(e) which in turn violates the Texas statute.

## CAUSES OF ACTION

### I. FIRST CLAIM FOR RELIEF

**(Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. 227(c), and 47 C.F.R. § 64.1200(c))**

**51.** Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

**52.** Defendant Erus called Plaintiff's private residential telephone number which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the calls for the purposes of commercial solicitation, in violation of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

**53.** Plaintiff was statutorily damaged at least three (7) times under 47 U.S.C. § 227(c)(3)(F) by Defendant Erus by the telemarketing calls described above, in the amount of $500.00 per call.

**54.** Plaintiff was further statutorily damaged because Defendant Erus willfully and/ or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under U.S.C. § 227(c)(5) for each and every willful and/or knowing violation.

**55.** Plaintiff is entitled to an award up to $1,500 in damages for each knowing or willful violation of 47 U.S.C. § 227(c)(3)(F).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Brandon Callier prays for judgment against the defendants jointly and severally as follows:

A. Leave to amend this Complaint to name additional DOES as they are identified and to conform to the evidence presented at trial;

B. A declaration that actions complained of herein by Defendants violate the TCPA and Texas state law;

C. An injunction enjoining Defendants and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D. An award of $3000 per call in statutory damages arising from the TCPA intentional violations jointly and severally against the corporation for twelve (12) calls.

E. An award of $1,500 in statutory damages arising from violations of the Texas Business and Commerce code 305.053

F. An award to Plaintiff of damages, as allowed by law under the TCPA;

G. An award to Plaintiff of pre-judgment and post-judgment interest, and costs, as allowed by law and equity

H. Such further relief as the Court deems necessary, just, and proper.

November 4, 2022

Respectfully submitted,

Brandon Callier
Plaintiff, Pro Se
6336 Franklin Trail
El Paso, TX 79912
915-383-4604

## I. **Demand for Jury Trial**

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: November 4, 2022

Brandon Callier
Plaintiff, Pro Se
6336 Franklin Trail
El Paso, TX 79912
915-383-4604